Document      Page 1 of 4

**SIGNED THIS: December 16, 2008**

_____
GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRADLEY WADE BRANDON, | ) Bankruptcy Case No. 08-91100 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court for confirmation of Debtor's Chapter 13 Plan, the Trustee's Report to the Court Recommending No Confirmation, and Statement in Rebuttal of Disposable Income Determination Under Section 1325(b)(3)/Explanation of Line 57 Special Circumstances filed by the Debtor; the Court, having heard arguments of counsel and having reviewed the written memoranda filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

In this case, the Debtor's proposed Chapter 13 Plan of Reorganization provides for monthly payments of $656.69 per month for 60 months, for a total plan payment of $39,401.40, with a resulting dividend to the unsecured creditors scheduled by the Debtor of 67%. The Chapter 13 Trustee objected to the Debtor's Plan based upon his assertion that the Debtor's Plan fails to provide either: (1) that all of the Debtor's projected disposable income be applied to make payments to the unsecured creditors pursuant to 11 U.S.C. § 1325(b)(1)(B), or (2) for payment in full of the amounts of all unsecured claims pursuant to § 1325(b)(1)(A).

Claims scheduled in this matter, including Trustee fees and attorney fees, total $71,899.51, with two claims for the Debtor's truck totaling $19,900.61 to be paid outside of the Plan. The deadline for filing claims in this matter has passed, and the total amount of all claims filed, including fees for the attorney and Trustee, is $52,760.52. Payment of this sum in full would necessitate a monthly payment of $879.34, for the 60 months of the Debtor's Chapter 13 Plan. The Trustee asserts that, pursuant to the provisions of 11 U.S.C. §§ 1325(b)(1)(B) and (A), the Debtor's income necessitates that the Debtor pay the sum of $879.34 per month for a period of 60 months to pay all claims filed in the Debtor's Chapter 13 proceeding in full. In response to the Trustee's position, the Debtor claims two deductions based upon "special circumstances" on Line 57 of Form B22C, which, when considered, would reduce the Debtor's income to a point making the provisions of §§ 1325(b)(1)(A) or (B) inapplicable.

Conclusions of Law

This Court, in the case of <u>In re Anstey</u>, Bankruptcy Case No. 08-90630, has previously held that the statutory language of 11 U.S.C. § 1325(b) requires a debtor whose current monthly income is over the median to pay his disposable income as shown on Line 59 (formerly Line 58) of form B22C for 60 months. Title 11 U.S.C. §§ 1325(b)(1)(A) and (B) are applicable to this proceeding and state as follows:

>     (b)    (1)    If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan -
>
>         (A)    the value of the property to be distributed under the plan on account of such claim is not less than the amount of the claim; or
>
>         (B)    the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

It is the Trustee's position that, pursuant to 11 U.S.C. §§ 1325(b)(1)(A) and (B), the Court is prohibited from confirming a plan over an objection by the trustee or a creditor, unless the plan provides either that all claims be paid in full or that all projected disposable income be paid to the unsecured creditors. It is further the Trustee's position that "projected disposable income" for purposes of § 1325(b) is that figure indicated on Line 59 (formerly Line 58) of form B22C, and, as such, in the present case, the Debtor's income is over the State median, and the requirements of 11 U.S.C. §§ 1325(b)(1)(A) and (B) are in effect.

In support of his position, the Trustee has cited the cases of In re Nance, 371 B.R. 358 (Bankr. S.D. Ill. 2007), and In re Ross, Bankruptcy Case No. 07-B-05138 (Bankr. N.D. Ill., Sept. 13, 2007). Additionally, this Court finds that the position taken by the Trustee is supported by Judge Gorman's Opinion of August 21, 2008, in the case of Joshua Todd Sharp, Bankruptcy Case No. 07-72222. This Court finds that the Courts in Nance, supra, and Ross, supra, made thorough and well reasoned discussions of the meaning of the phrase "projected disposable income," and that, as a result, 11 U.S.C. § 1325(b) requires the Debtor to pay the amount appearing on Line 59 of Form B22C to his unsecured creditors for a period of 60 months. In the alternative, the Debtor may pay all of the claims filed and allowed if that is a lesser sum.

Although it is clear that the Debtor would seek to have the Court find a different meaning for the term "projected disposable income," the Debtor has made insufficient argument to convince the Court to take a different position than taken by the Courts in

Nance, supra, and Ross, supra. As an alternative to the Debtor's definitional argument, the Debtor seeks to claim two "special circumstances" on Line 57 of Form B22C to reduce his income to a point where 11 U.S.C. § 1325(b) would not apply. Debtor first claims that he has fuel expenses above the transportation expense allowed elsewhere on Form B22C. Secondly, the Debtor argues that the number derived from his pay advices is not truly reflective of his ordinary income, since the Debtor argues that he worked excessive overtime during the applicable period in question.

The answer to the Debtor's claim of "special circumstances" can be found in the language of 11 U.S.C. § 707(b)(2) which controls allowable deductions on Form B22C. The language of § 707(b)(2) makes it apparent that Congress intended for "special circumstances" to be truly extraordinary. High gasoline prices do not appear to meet the standard set forth by Congress for "special circumstances," and, in fact, the argument of additional fuel expenses that existed at the time of Debtor's filing for Chapter 13 bankruptcy no longer exist given the recent significant reduction in fuel prices. This Court also agrees with the Trustee's position that the extra overtime pay claimed by the Debtor as a "special circumstance" is not an allowable deduction in determining "projected disposable income." The Trustee's argument is supported by the citation of In re Herbert, Bankruptcy Case No. 07-40224, (Bankr. D.Neb. 2007).

In conclusion, the Court finds that 11 U.S.C. § 1325(b) requires strict application of the Form B22C calculations and that the deductions for "special circumstances" claimed by the Debtor in this case must be disallowed. As a result, the Court finds that the Debtor should be required to make monthly payments in the amount of $879.34 to the Chapter 13 Trustee for a period of 60 months to meet confirmation requirements of 11 U.S.C. § 1325(b).

###